UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| CLINTON PARKER, | ) | CASE NO. 4:05 CV1576 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| T.R. SNIEZEK, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

On June 8, 2005, pro se prisoner Clinton Parker filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Warden T.R. Sniezek at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton). Mr. Parker asserts that his Judgment in a Criminal Case (J&C) and his Pre-Sentence Investigation Report (PSI) contain erroneous information that violates his Sixth Amendment rights.

*Background*

A review of the petition filed before the court, as well as its attachments reveal that Mr. Parker was sentenced in the United States District Court for the Northern District of Indiana on

April 13, 1993 to an aggregate term of 270 months imprisonment for conspiracy, interference with commerce by means of robbery and carrying a firearm during and in relation to a crime of violence. He appealed his sentence to the Seventh Circuit Court of Appeals.

On May 24, 1994, The Seventh Circuit affirmed, in part, and reversed, in part, his sentence. As a consequence, the district court reduced Mr. Parker's term of imprisonment on November 22, 1995 to 228 months. Thereafter, petitioner filed a motion to vacate his sentence in the district court based on ineffective assistance of counsel. The motion was denied on February 12, 1997.

Mr. Parker filed an Informal Resolution Form BP-8 with F.C.I. Elkton staff on February 13, 2005. His request averred that both his J&C and PSI contained erroneous information "imposed in violation of my Sixth Amendment rights." He requested that the prison correct this erroneous information. The Staff Response, dated the same date, advised him to contact the district court if he sought to correct his J&C and PSI.

Instead of pursuing the matter with the district court, petitioner filed a BP-9, Request for Administrative Remedy on February 27, 2005 with the Warden at F.C.I. Elkton, T.R. Sniezek. Warden Sniezek denied petitioner's request in a letter dated March 11, 2005.

Petitioner pursued his appeal to the BOP's Regional Director within 20 days after the warden's decision. The appeal was denied on April 20, 2005. In his letter denying the appeal, the Regional Director advised that "the J& C Order have been certified as true and correct by the District Court Clerk and there is no indication the orders committing you to the Bureau of Prisons are unlawful." (Letter from Driscoll to Parker of 4/20/05.) Although Mr. Parker attaches a copy of his Central Office Administrative Remedy Appeal, dated May 7, 2005, he does not provide a copy of

any response from the Central Office.

*Analysis*

Mr. Parker asserts that the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (2005) "render[ed] Movant's PSI and J. & C. order inefficient and inadequate, therefore Warden Sniezek does retain jurisdiction over Movant." (Pet. Attach. at 1.) The basis for his claim is the fact that Booker, a consolidation of United States v. Booker and United States v. Fanfan, held that the rule of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004) applied with equal force to the federal sentencing guidelines. Therefore, any facts neither found by a jury nor admitted by the defendant could not be used to enhance a defendant's sentence beyond the statutory maximum.

Here, petitioner argues that six separate sentence enhancements imposed by the sentencing court are "unwarranted enhancement points under the USSG." (Pet. Attach. at 1.) It his belief that this is erroneous information contained in his Central File, Privacy Folder and Probation Mini-Files. He cites BOP Program Statement 5800.11 to argue that the prison is mandated to review any errors in his file and take reasonable steps to correct the error. It is his position that there are, cumulatively,15 unauthorized enhancement points that were imposed in violation of petitioner's Fifth and Sixth Amendment rights of the Due Process Clause. From Mr. Parker's perspective, it is the warden's duty to contact the district court regarding the "erroneous information within the Movant's PSI and J.&C." (Pet. Attach. at 1.) The warden's failure to follow up on this matter with the court and, instead, continue to detain petitioner knowing that the removal of his sentence enhancement points require his immediate release are clearly violating his constitutional rights. Further, he cites Sellers v. BOP, 959 F.2d 307 (D.C. Cir. 1992) to assert his right to have his

records corrected by the BOP.

Mr. Parker also challenges the warden's directive to him to contact the sentencing court regarding any "corrections" he sought to his PSI and J & C. Petitioner believes that "28 U.S.C. §2255 is inadequate and ineffective to test the legality of erroneous information due to the Antiterrorism and Effective Death Penalty Act." (Pet. Attach. at 2.)

*Federal Habeas Corpus Petitions*
*28 U.S.C. §2241*

Before the court can address the merits of Mr. Parker's petition before it, the question of whether his claim is properly raised in a § 2241 habeas petition must first be determined. Generally, if a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. United States v. Peterman, 249 F.3d 458, 461 (6th Cir.), cert. denied, 122 S.Ct. 493 (2001). But where, as here, a federal prisoner seeks to challenge the imposition of his sentence, on grounds that the sentence was imposed "in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. See 28 U.S.C. § 2255; Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998).

If it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention," however, § 2255 does provide a safety valve wherein a federal prisoner may challenge his conviction or the imposition of his sentence pursuant to § 2241. United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief

much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. See Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (amending 28 U.S.C. § 2255) ("AEDPA"). Although the Sixth Circuit has not determined the exact scope of the savings clause, it appears that a prisoner must at least show factual innocence. See Charles, 180 F.3d at 757.

With regard to the present case, Mr. Parker states that "28 U.S.C. §2255 is inadequate and ineffective to test the legality of erroneous information due to the Antiterrorism and Effective Death Penalty Act." (Pet. Attach. at 2.) This is not a sufficient basis upon which to invoke this court's jurisdiction.

The fact that Mr. Parker may be barred from filing a second § 2255 motion to vacate, see Humphress v. United States, 398 F.3d 855-63 (6th Cir. 2005) (noting that the rule of Booker does not fall within the second exception of Teague v. Lane, 489 U.S. 288 (1989)]),[1] does not render his §2255 remedy "inadequate or ineffective." See In re Davenport, 147 F.3d 608 (7th Cir.1998)( § 2255 remedy is not considered inadequate or ineffective because petitioner has been denied permission to file a second or successive motion to vacate). Without an allegation that his remedy under § 2255 is inadequate or ineffective for reasons other than those prohibited by the courts, Mr. Parker is not entitled to habeas relief from this court pursuant to 28 U.S.C. § 2241.

Contrary to Mr. Parker's request, this court cannot construe his petition as a motion

---

[1] In Teague, the Supreme Court held that new constitutional rules of criminal procedure will not apply retroactively to cases on collateral review, unless: 1) the new rule places " 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe;'" or 2) the new rule establishes a watershed rule of criminal procedure that "implicate[s] the fundamental fairness of the trial," without which "the likelihood of accurate conviction is seriously diminished." 489 U.S. at 310-13 (citing Mackey v. United States, 401 U.S. 667, 692-94 (1971)).

to vacate sentence pursuant to 28 U.S.C. § 2255. In re Shelton, 295 F.3d 620, 622 (6th Cir.2002).[2]

For reasons set forth above, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

        IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        UNITED STATES DISTRICT JUDGE

Dated: 8/15/05

---

[2]In Shelton the Sixth Circuit held that, with regard to pro se litigants in particular, "district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.